People v Tarek (2025 NY Slip Op 51986(U))

[*1]

People v Tarek (Dewan)

2025 NY Slip Op 51986(U) [87 Misc 3d 134(A)]

Decided on December 12, 2025

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 12, 2025
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., LISA S. OTTLEY, JOANNE D.
QUIÑONES, JJ

2024-410 Q CR

The People of the State of New
York, Appellant,
againstDewan Tarek, Respondent. 

Queens County District Attorney (Johnnette Traill, William H. Branigan, Lucy E. Pannes
and Nicholas Isaacson of counsel), for appellant.
Appellate Advocates (Robert C. Langdon of counsel), for respondent.

Appeal from an order of the Criminal Court of the City of New York, Queens
County (Jessica Earle-Gargan, J.), dated September 26, 2023. The order granted
defendant's motion to dismiss the accusatory instrument on statutory speedy trial
grounds.

ORDERED that the order is reversed, on the law, defendant's motion to dismiss the
accusatory instrument on statutory speedy trial grounds is denied, and the matter is
remitted to the Criminal Court for all further proceedings.
Defendant was charged in an accusatory instrument, dated March 23, 2023, with
endangering the welfare of a child (Penal Law § 260.10 [1]). Eighty three days
later, on June 14, 2023, at 3:24 p.m., the People filed a Certificate of Compliance (COC),
via the New York State Uniform Court System's Electronic Document Delivery System
(EDDS), in which they certified that, after exercising due diligence and making
reasonable inquires to ascertain the existence of material and information subject to
discovery, all known material and information subject to discovery that was not the
subject of a protective order was being disclosed and made available. The COC included
a list of all of the discovery that had been provided (see former CPL 245.50
[1]).[FN1]
Annexed to the COC was an affirmation of service, supporting depositions, and a
Statement of Readiness (SOR), which included a CPL 30.30 (5-a) statement certifying
that the accusatory instrument was facially sufficient. Thirty-one minutes later, at 3:55
p.m., the People electronically served and filed a Supplemental COC, identifying the
additional information being provided and stating that they had discovered that the
contact information for one of the Child [*2]Protective
Service agents involved in this matter was inadvertently redacted in the prior disclosure
(see former CPL 245.50 [1], [1-a]). The annexed affirmation of service stated that
"[t]he People maintain their readiness for trial."

On July 24, 2023, the parties appeared in court (Diego A. Freire, J.) and the People
notified the court of their filings, stated that they were ready for trial, and asked the court
to mark them ready as of June 14, 2023, when they filed their COC and SOR. The
defense attorney who appeared in the assigned counsel's place for the conference stated
that the only information she had was that the assigned counsel was objecting to
readiness, asking for more time to go through the discovery, and requesting either a
discovery conference or a motion schedule. Additionally, that attorney answered in the
affirmative when asked by the court: "You're saying based on what she [referring to the
assigned defense counsel] has reviewed of the COC, she does not believe it to be a valid
COC?" The court then set out a motion schedule. 

By notice of motion dated August 23, 2023, the assigned counsel moved to dismiss
the accusatory instrument on statutory speedy trial grounds. In an affirmation in support,
she admitted to having received the supporting depositions, the discovery, the EDDS
filing confirmation, and the Supplemental COC. However, she denied receipt of the
original COC until she called the prosecutor on August 17, 2023 "to inquire about the
original COC's filing, as it was never received, neither by email nor via the discovery
portal." That same day, the People emailed defense counsel a copy of the original COC,
SOR, the supporting depositions, and an EDDS confirmation of the COC's filing, which
documents were annexed to the motion papers. Defense counsel claimed that, "[w]hile
the People filed the original COC with the court on June 14, 2023, they neither uploaded
it to the discovery portal nor shared it with [her] on that date, ultimately failing to meet
their statutory obligation." 

The People opposed the motion contending that, since defense counsel admitted
timely receipt of the Supplemental COC, which referred to the prior filing of the original
COC and which included language of their readiness, she was on notice, as of June 14,
2023, that they had provided discovery, had filed an original COC, and were ready for
trial. Furthermore, the People asserted that their failure to upload and serve the original
COC upon defense counsel was inadvertent human error and not a demonstration of bad
faith. Moreover, they argued that defendant had a statutory duty to notify them of any
missing documentation "as soon as practicable" (former CPL 245.50 [4] [b]).

In an order dated September 26, 2023, the Criminal Court (Jessica Earle-Gargan, J.)
granted the motion, concluding that more than 90 days were chargeable to the People.
The court found that there was no dispute that the 83 days between March 23, 2023,
when the accusatory instrument was filed, and June 14, 2023, when the People filed the
COC and SOR, were chargeable to them. However, the court determined that the People
failed to serve the COC and SOR on defendant or his attorney until August 17, 2023.
The court concluded that the CPL 30.30 clock continued to run until July 24, 2023, when
defendant requested a motion schedule. Consequently, the court determined that the
People would be charged with the 40 days from June 14, 2023 through July 24, 2023,
resulting in a total of 123 days of chargeable time. 

On appeal, the People contend that the Criminal Court's order should be reversed and
defendant's motion denied because, by June 14, 2023, they had provided defense counsel
with all discoverable material in their possession and had filed a COC. They also
electronically informed [*3]defense counsel on June 14th
that they had filed a COC and notified her of their trial readiness. The People assert that
their inadvertent failure to serve defendant with the original COC should be excused,
under the circumstances, as they had acted in good faith and with due diligence in
compliance with their statutory obligations. As their second contention, the People argue
that defendant had a statutory obligation to notify them of any missing documentation "as
soon as practicable" (former CPL 245.50 [4] [b]), which defendant failed to do.

As part of discovery reforms in New York, the legislature tethered the People's CPL
article 245 discovery obligations to CPL 30.30's speedy trial requirements, through both
the enactment of former CPL 245.50 (3) and former CPL 30.30 (5)[FN2]
(see People v Bay, 41 NY3d
200, 209-210, 214 [2023]; People v Wharton, 84 Misc 3d 26, 28 [App Term, 2d Dept,
2d, 11th & 13th Jud Dists 2024]). In analyzing the issue presented here, to wit, what
is the consequence of the People timely filing a COC but inadvertently failing to serve it
upon defendant, we borrow from the analysis presented by the Court of Appeals in
Bay (41 NY3d 200), which involved the People's failure to provide complete
discovery. Consequently, this court will apply a due diligence and good faith standard as
applied in Bay.
Here, it is undisputed that, before filing the COC, the People exercised due diligence
and made reasonable inquiries to ascertain the existence of material and information
subject to discovery, and made a diligent good faith effort to disclose and make available
that material and information (see former CPL 245.50 [1], [2]; Bay, 41
NY3d 200). Although the People filed an original COC, they mistakenly failed to serve it
on defense counsel. However, 31 minutes after the initial filing, the People served and
filed a Supplemental COC, which defense counsel admitted receiving, and which
referred to the prior filing of the original COC. Further, on August 17, 2023, upon being
notified that defense counsel had not been served with the original COC, the People
immediately served defense counsel with it. Consequently, as it is not disputed that the
People satisfied their burden of providing discovery and filing an original COC, their
inadvertent failure to serve the original COC should not, under the circumstances
presented herein, result in that COC being found invalid when applying a standard of
good faith and due diligence(see
People v Deas, 226 AD3d 823, 826 [2024]; People v Williams, 224 AD3d 998, 1006-1007 [2024]; People v Ulloa-Flores, 85 Misc
3d 136[A], 2025 NY Slip Op 50494[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2025]; People v
Jawad, 84 Misc 3d 31, 35 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2024]). Thus, the speedy trial clock stopped on June 14, 2023 and, therefore, the People
did not exceed their 90-day speedy trial time (see Ulloa-Flores, 2025 NY Slip Op
50494[U]).

In view of the foregoing, we need not reach the People's second contention.
Moreover, this court does not pass upon any issue concerning service of the SOR as
defense counsel, in her affirmation in support of the subject motion, never alleged that
she had not been served with it.[FN3]
[*4]In any event, we note that, on June 14, 2023, the
People advised defense counsel that they were ready for trial.
Accordingly, the order is reversed, defendant's motion to dismiss the accusatory
instrument on statutory speedy trial grounds is denied, and the matter is remitted to the
Criminal Court for all further proceedings.

BUGGS, J.P., OTTLEY and QUIÑONES, JJ., concur.

ENTER:
Jennifer Chan
Acting Chief Clerk
Decision Date: December 12, 2025

Footnotes

Footnote 1:The New York State
Legislature amended CPL article 245, effective August 7, 2025 (see L 2025, ch
56, part LL, §§ 1-5, 7).

Footnote 2:The New York State
Legislature amended CPL 30.30 (5), effective August 7, 2025 (see L 2025, ch 56,
part LL, § 6).

Footnote 3: It should be noted that,
even though the motion papers only mentioned that the COC was not received by
defense counsel, the Criminal Court, in its order, stated that both the COC and SOR were
first served on August 17, 2023.